UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
**ORLANDO PEREZ, on behalf of himself
and all other similarly situated employees,**

                                                                 CLASS ACTION
                                           **Plaintiff,**    COMPLAINT

          -against-

**CONSOLIDATED HOUSEKEEPING OF
NEW JERSEY, INC. and OH'KAY CLEANING
& MAINTENANCE, INC. d/b/a/ CONSOLIDATED
HOUSEKEEPING,**

                                                 **Defendants.**
------------------------------------------------------------------------------------X

Plaintiff Orlando Perez ("Perez" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer and Bruce Menken of Beranbaum Menken LLP, complaining of Consolidated Housekeeping of New Jersey, Inc. and Oh'Kay Cleaning & Maintenance, Inc. d/b/a Consolidated Housekeeping, Inc. ("Consolidated Housekeeping") (collectively herein "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This is a class action brought on behalf of Plaintiff and all similarly situated employees to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff and the collective class worked (or currently work) at Consolidated Housekeeping. Consolidated Housekeeping is owned and operated by Defendants.

3. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers (the "FLSA Collective Class") who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action

provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA and the NYLL that occurred at Consolidated Housekeeping that are owned and controlled by Defendants.

4. Plaintiff and the FLSA collective also bring this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

5. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over Plaintiff's New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Orlando Perez**

9. Plaintiff is and was at all times relevant hereto an adult individual residing in Woodhaven, NY.

10. Plaintiff worked for Consolidated Housekeeping on behalf of Defendants without interruption from 1991 throughout February 9, 2018.

11. Plaintiff performed housekeeping duties on behalf of Defendants at various locations throughout Queens, Brooklyn, Manhattan and New Jersey.

12. Plaintiff would perform these housekeeping duties at warehouses, offices and corporations.

13. Plaintiff usually worked more than 40 hours a week on behalf of Defendants but was never paid time and one half for all work performed after 40 hours.

14. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants Consolidated Housekeeping of New Jersey, Inc.
and Oh'Kay Cleaning & Maintenance, Inc. d/b/a Consolidated Housekeeping**

15. Consolidated Housekeeping of New Jersey, Inc. is a domestic business corporation having its main business at 2 Bittersweet Lane, Center Moriches, NY 11934.

16. Oh'Kay Cleaning & Maintenance, Inc. is a domestic business corporation having its main business at 25 Jefferson Place, Massapequa, NY 11758.

17. Consolidated Housekeeping of New Jersey, Inc. and Oh'Kay Cleaning & Maintenance, Inc. do business as Consolidated Housekeeping as a single, integrated enterprise.

18. At all times relevant to this action, Consolidated Housekeeping was an enterprise "engaged in interstate commerce" within the meaning of the FLSA.

19. On information and belief, Consolidated Housekeeping has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

20. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated individuals who are current and former employees who did cleaning work for Defendants since the date three years prior to the filing of the parties tolling agreement who elect to opt-in to this action (the "FLSA Collective").

21. The FLSA Collective consists of approximately two hundred (200) similarly situated current and former cleaners at Consolidated Housekeeping who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

22. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or practice includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

25. The job that the collective claims held, that of cleaner, is not exempt and has never been exempt.

26. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

27. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

28. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

29. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## CLASS ACTION ALLEGATIONS

30. **Proposed Class.** The proposed class comprises all individuals who worked for Defendants as cleaners during the applicable period.

31. These cleaners all worked for Defendants at various locations and worked more than 40 hours per week. The cleaners, though, were not paid overtime in compliance with the NYLL in that they were not paid time and one half for all work performed after 40 hours.

32. **Ascertainability.** The identity of all class members is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure. To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking general laborers. Many class members are no longer employed by Defendants, cannot be reached at the last known address in Defendants' records, and do not have access to traditional English-speaking media.

33. **Numerosity.** The size of the class makes a class action both necessary and efficient. The size of the class consists of approximately 200 employees. Members of the class are ascertainable but so numerous that joinders is impracticable.

34. **Common Questions Of Law and Fact.** This case poses common questions of law and fact affecting the rights of all class members, including:

    a) the policies, practices, programs, procedures, protocols, and plans of Defendants regarding payment of overtime compensation;

    b) whether Defendants are joint employers of Plaintiff and similarly situated employees.

    c) whether the named Defendants conspired with each other and/or with any unnamed co-conspirator, as alleged herein; and

    d) what relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged.

35. **Typicality.** The claims of the individual Plaintiff are typical of the claims of the class as a whole. Defendants' unlawful wage policies and practices, which have operated to deny Plaintiff the overtime compensation required by law, are typical of the unlawful wage policies

and practices that have and will continue to operate to deny other class members lawful compensation.

36. **Adequacy of Class Representation.** The individual Plaintiff can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class.

37. **Propriety of Class Action Mechanism.** Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class. The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

38. This action is properly maintainable as a class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(3).

39. **Proposed Class.** All said persons, including Plaintiff, are referred to herein as "the Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants.

40. Plaintiff brings the FLSA and the NYLL claims, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of persons consisting of all non-exempt employees that worked as cleaners for Defendants from March 15, 2012 (the parties had previously entered into a tolling agreement) to the date of the final judgment in this matter ("Rule 23 Class").

41. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assignors and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any of the Defendant entities; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

42. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

43. Upon information and belief, the size of the Rule 23 Class, which includes current and former employees of Defendants is approximately 200 people. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

44. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a) willfully failing to pay its employees, including Plaintiffs and the Class Members, the appropriate overtime wages for hours worked in excess of 40 hours per workweek;

    (b) willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of Defendants;

    **(c)** willfully failing to pay Plaintiff and the class members the correct compensation under the FLSA and the NYLL.

## FACTS

**Consolidated Housekeeping of New Jersey, Inc.
and Oh'Kay Cleaning & Maintenance, Inc. d/b/a Consolidated Housekeeping**

45. According to Consolidated Housekeeping's website, the company is a privately owned company that has operated for over 43 years in the cleaning industry.

46. Consolidated Housekeeping specializes in providing private and commercial cleaning services in New York and New Jersey for sites such as office buildings, financial institutions, medical facilities, warehouses, airport operation, schools, realty management firms, theaters.

47. Consolidated Housekeeping's clients consist of Fortune 500 companies and small businesses.

48. On information and belief, Consolidated Housekeeping provides cleaning services to at least 50 businesses.

49. On information and belief, Consolidated Housekeeping assigns approximately 4 employees to each location depending on the size of the worksite.

**Plaintiff Perez's Employment
at Consolidated Housekeeping**

50. Plaintiff was employed at Consolidated Housekeeping for about 26 years.

51. From 1991 throughout February 9, 2018, Plaintiff worked at Consolidated Housekeeping.

52. Consolidated Housekeeping provides cleaning services to various corporations. These corporations include, but are not limited to, FedEx Ground.

53. Defendants primarily required Plaintiff to work at FedEx facilities located in Long Island City. Plaintiff also occasionally worked at facilities located in Queens, the Bronx, Brooklyn, Manhattan and New Jersey.

54. Plaintiff, though, also worked at non-FedEx facilities on behalf of Defendants.

55. Throughout Plaintiff's employment with Defendants, Plaintiff's job duties as a cleaner included wiping down surfaces, emptying trash cans, cleaning restrooms, cleaning stock and supply areas and cleaning windows.

56. Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked over 40 hours a week.

57. Specifically, throughout Plaintiff's employment with Defendants, about 75% of the time he worked between 70 hours to 75 hours each week.

58. Approximately 25% of the time Plaintiff worked 40 hours per week.

59. Every week, Plaintiff was paid for his first 40 hours by check with an accompanying paystub.

60. However, Plaintiff frequently received a secondary paystub that listed additional hours worked which were also paid at his regular hourly rate.

61. For example, for the pay period from December 2, 2017 through December 8, 2017, Plaintiff received two paystubs. The first paystub listed him working forty hours at a rate of $12.25 per hour. The second paystub (for the same exact time period) listed Plaintiff working 12 hours at $12.25 per hour.

62. Plaintiff also received two paystubs for the pay period ending August 24, 2016. One paystub listed him working exactly 40 hours at a rate of $11.00 per hour, and the second paystub listed him working 35 hours at a rate of $11 per hour.

63. Defendants paid Plaintiff this way to circumvent their obligations to pay overtime in compliance with the FLSA and NYLL.

64. Throughout his employment with Defendants, even though Plaintiff was not exempt, he was not paid overtime in compliance with the FLSA and NYLL.

65. Throughout Plaintiff's employment, Defendants practice was to have their workers like Plaintiff sign in at the start of the shift but not to use any other formal time tracking method to keep track of all the hours he worked.

66. Plaintiff was required to sign a registration book at the FedEx facilities' entrance in order to access to the building; however, Defendants did not have him sign out at the end of his workday.

67. Plaintiff was also required to sign in at other facilities that were not FedEx facilities. As with FedEx facilities, Plaintiff had to sign in but was not required to sign out.

68. Plaintiff was required to self-report (via phone or text) his overtime hours worked to supervisor Ricardo Galisto ("Galisto"). On information belief, all of Defendants cleaners were also required to self-report (via phone or text) their overtime hours.

69. However, Plaintiff was not paid for all overtime hours worked despite reporting all of his overtime hours to Galisto.

70. Plaintiff also occasionally complained to Galisto that the hours he reported were not accurately represented on his paystubs. Galisto promised Plaintiff that he would be paid for those missing hours the following week but this never occurred.

71. Defendants violated the NYLL by failing to keep full and accurate records of Plaintiff's hours and wages in violation of the NYLL.

72. Throughout Plaintiff's employment, Defendants never provided Plaintiff with any documentation as to the total hours he worked.

73. Throughout his employment, Plaintiff never received any accurate notation of his rate of pay or hours worked.

**Plaintiff Perez's Work Schedule
and Salary at Consolidated Housekeeping**

74. Throughout Plaintiff's employment with Defendants, Plaintiff worked five (5) to seven (7) days per week.

75. Plaintiff always worked Monday through Friday.

76. When Plaintiff worked Monday through Friday, he usually worked from 8:30 pm to 6:30 am each day.

11

77. Plaintiff often also worked Saturdays and Sundays. On average, Plaintiff would work three (3) weekends in a row, and then on the fourth weekend, he would have the weekend off.

78. If Plaintiff worked Saturday and/or Sunday, he would work from 7:00 am to on or about 8:00 pm or 8:30 p.m. each day.

79. Throughout Plaintiff's employment with Defendants, Plaintiff received a thirty (30) minute meal break each day.

80. Plaintiff's employment was terminated for taking time off to travel to his native country to attend his father's funeral.

## FIRST CAUSE OF ACTION
## Fair Labor Standards Act-Overtime Wages
## (Brought on behalf of Plaintiff and the FLSA Collective)

81. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

83. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

84. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

85. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint

were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

86. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

87. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**New York Labor Law-Unpaid Overtime**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

88. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

89. Defendants failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

90. Defendants failed to pay Plaintiff one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

91. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

92. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
## New York Labor Law – Failure to Provide Annual Wage Notices
## (Brought on behalf of Plaintiff and the Rule 23 Class)

93. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

94. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

95. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations.

96. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements
### Brought on behalf of Plaintiff and the Rule 23 Class)

97. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

98. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

99. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

100. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants, Consolidated Housekeeping of New Jersey, Inc. and Oh'Kay cleaning & maintenance, Inc. d/b/a Consolidated Housekeeping, Inc, as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Certification of this case as a class action pursuant to Rule 23;

C. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

D. Damages for the unpaid overtime due to Plaintiff and the Rule Class Members in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

E. Damages for unpaid overtime due to Plaintiff in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

F. Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

G. Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

H. Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

I. Prejudgment and post-judgment interest;

J. Reasonable attorneys' fees and costs of the action; and

K. For such other further and different relief as this Court deems just and proper.

Dated: May 19, 2018
New York, New York

Respectfully submitted,

**The Law Offices of Jacob Aronauer**

By: */s Jacob Aronauer*
Jacob Aronauer

**BERANBAUM MENKEN LLP**

By: */s Bruce Menken*
Bruce Menken

*Attorneys for Orlando Perez*